UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **AMERICAN SELECT INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251,**<br>　　　　　Plaintiff<br>v.<br><br>**GUANGZHOU MEILU ELECTRONICS CO., LTD. D/B/A BEAUTY USA**<br>**NO. 32B, SHAYONG VILLAGE SECTION, CHANGSHA ROAD, DALONG STREET, GUANGZHOU, GUANGDONG 511450, CHINA**<br><br>　　　　　**Defendant** | Civil Action No: 1:25-cv-736<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, American Select Insurance Company, by and through its undersigned counsel, hereby demands judgment against the Defendant, Guangzhou Meilu Electronics Co., Ltd. d/b/a Beauty USA, and complains against it as follows:

## PARTIES

1. Plaintiff, American Select Insurance Company ("Plaintiff" or "ASIC") is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, ASIC provided property insurance to David and Dina Wilder (the "Wilders") in connection with their property located at 1101 Stuttgart Drive, Fayetteville, OH 45118 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates and at all relevant times.

3. In the wake of the fire damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), ASIC became subrogated to certain recovery rights and interests of the Wilders for monies paid thereunder, including the claims giving rise to the within cause of action.

4. At all times relevant hereto, Defendant, Guangzhou Meilu Electronics Co., Ltd. d/b/a Beauty USA ("Defendant" or "Beauty USA"), upon information and belief, was a foreign corporation organized and existing under the laws of the People's Republic of China with its principal place of business located at No. 32B, Shayong Village Section, Changsha Road, Dalong Street, Guangzhou, Guangdong 511450, China.

5. At all times relevant hereto, Defendant was authorized to do business in the State of Ohio and regularly conducts business in the State of Ohio.

6. At all times relevant hereto, Defendant was engaged in the business of, *inter alia*, marketing, selling, distributing and placing into the stream of commerce, *inter alia,* Cotsoco brand massage guns, and did, in fact, market, sell, distribute and place into the stream of commerce the Cotsoco brand massage gun (the "subject massage gun") at issue in this matter.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. § 1332(a)(2), as this action involves a controversy between a citizen of a State and a citizen of a foreign state. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court exclusive of interest and costs in excess of $75,000.00.

8. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. At all relevant times, Defendant was a third party seller on Amazon.com. On July 11, 2023, Defendant marketed, sold, distributed and placed into the stream of commerce the subject massage gun when it sold the subject massage gun to the Wilders through the Amazon.com and shipped it to the subject property.

11. Prior to June 9, 2024, the subject massage gun operated and was used in a foreseeable, normal, ordinary, and intended manner.

12. On or about June 9, 2024, a fire erupted at the subject property as a direct result of a catastrophic failure of the subject massage gun.

13. Prior to the fire, the subject massage gun had not been modified, changed, altered, misused or abused by anyone in any way beyond what was authorized or reasonably anticipated by Defendant after it had placed the subject massage gun into the stream of commerce.

14. As a direct and proximate result of the acts and/or omissions of Defendant (as are described more fully below), the Wilders sustained damage to the their real and personal property, as well as additional expenses and harms besides, in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to the Wilders' recovery rights in connection with this claim.

## COUNT I - STRICT PRODUCTS LIABILITY

15. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

16. Defendant was engaged in the business of marketing, selling, distributing and placing into the stream of commerce, *inter alia,* Cotsoco massage guns and did, in fact, market,

sell, distribute and/or place into the stream of commerce the subject massage gun at issue in this case.

17. The subject massage gun was not modified, changed, altered, misused, or abused by Plaintiff or the Wilders prior to or during its use.

18. Defendant knew and intended that the subject massage gun would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said massage gun would be utilized.

19. Defendant marketed, sold, distributed and placed into the stream of commerce the subject massage gun in a dangerous and defective condition, and it catastrophically failed due to a defect and/or malfunction.

20. Defendant knew, or should have known, that the subject massage gun would, and did, reach the Wilders without substantial change in the condition in which it was originally selected and sold.

21. The subject massage gun was operated without incident in the normal, ordinary and intended matter and purpose at all times prior to June 9, 2024.

22. The fire and damage to the Wilders' property was caused by and/or resulted from the acts and/or omissions of Defendant, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which Defendant is liable to Plaintiff, based upon the theory of strict liability for the following reasons:

    a. failing to market, sell, distribute and place into the stream of commerce a properly functioning and defect-free massage gun, which, after reasonable and foreseeable use, malfunctioned and/or catastrophically failed;

    b. failing to properly market, sell, distribute and place into the stream of commerce the subject massage gun in a manner rendering them free from defect;

    c. failing to properly determine that the subject massage gun was not in a safe condition and free of all material defects, which, after reasonable and foreseeable use, catastrophically failed and/or malfunctioned;

    d. marketing, selling, distributing and placing into the stream of commerce the subject massage gun when it knew or should have known that the subject massage gun was unsafe and unfit for its intended use;

    e. marketing, selling, distributing and placing into the stream of commerce the subject massage gun when it knew or should have known that the subject massage gun would be inadequate for the reasons for which it was purchased;

    f. marketing, selling, distributing and placing into the stream of commerce a dangerous massage gun, which Defendant knew or reasonably should have known exposed users to an unreasonable risk of harm;

    g. failing to properly and adequately market, sell, and distribute the subject massage gun prior to introducing it into the stream of commerce; and/or

    h. failing to provide adequate and sufficient warnings and instructions with respect to the subject massage gun which rendered it defective and unreasonably dangerous.

24. The aforementioned defects or defective conditions existed at the time the subject massage gun left the possession and/or control of Defendant.

25. The defective, unreasonably dangerous and unsafe condition of the subject massage gun was a direct and proximate cause of the damages sustained by Plaintiff.

26. For these reasons, Defendant is strictly liable to Plaintiff under Section 402A of the Restatement (Second) of Torts, as well as Section 402A of the Restatement (Third) of Torts and/or the applicable statutory and case law of the State of Ohio.

27. As a direct and proximate result of such conduct, the Wilders sustained and incurred damage to their real and personal property in an amount to be proven at trial, in excess of $75,000.00. As set forth above, Plaintiff is subrogated to the Wilders' right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## **COUNT II – NEGLIGENCE**

28. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

29. Defendant owed a duty of reasonable care to purchasers and users and the like with regard to the marketing, selling, distributing and placing into the stream of commerce the subject massage gun; and breached said duty.

30. Defendant knew, and intended, that the subject massage gun would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which it would be utilized.

31. The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

    a. carelessly and negligently failing to market, sell, distribute and place into the stream of commerce a properly functioning and defect-free massage gun, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b. carelessly and negligently failing to properly market, sell, distribute and place into the stream of commerce the subject massage gun free from defects;

    c. carelessly and negligently failing to properly determine that the subject massage gun was not in a safe condition, and free of all material defects;

    d.    carelessly and negligently marketing, selling, distributing and placing into the stream of commerce the subject massage gun when it knew, or should have known, that the product was unsafe and unfit for its intended use;

    e.    carelessly and negligently marketing, selling, distributing and placing into the stream of commerce the subject massage gun when Defendant knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

    f.    carelessly and negligently marketing, selling, distributing and placing into the stream of commerce the subject massage gun that had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

    g.    carelessly and negligently marketing, selling, distributing and placing into the stream of commerce a dangerous and defective massage gun that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

    h.    carelessly and negligently failing to properly and adequately market, sell, and distribute the subject massage gun prior to introducing the product into the stream of commerce; and/or

    i.    carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject massage gun, which rendered it defective and unreasonably dangerous.

32. As a direct and proximate result of such conduct, the Wilders sustained and incurred damage to their real and personal property in an amount to be proven at trial, in excess of $75,000.00. As set forth above, Plaintiff is subrogated to the Wilders' right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III - BREACH OF IMPLIED WARRANTY

33. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

34. At the time Defendant marketed, sold, distributed and placed into the stream of commerce the subject massage gun at issue in this case, Defendant knew of the use for which the subject massage gun was intended, and impliedly warranted the subject massage gun to be of merchantable quality and safe and fit for such use.

35. Contrary to such implied warranties, the subject massage gun was not of merchantable quality and fit and safe for its intended use because it was defective as noted at length above.

36. Defendant breached its implied warranty of merchantability as set out in Oh. Code Com. Law §2-315 and §2-314(c), and the common law of the State of Ohio in that the product was not fit for the ordinary uses for which the product was used, as noted herein and above.

37. At the subject property, the subject massage gun functioned improperly in the absence of abnormal use and reasonable secondary causes.

38. Plaintiff's damages occurred as a direct and proximate result of Defendant's breach of its implied warranty of merchantability as set out in Oh. Code Com. Law §2-313 and the common law of the State of Ohio.

39. As a natural and foreseeable consequence of these breaches, the fire occurred at the subject property, which resulted in Plaintiff's damages.

40. As a direct and proximate result of the aforementioned breaches, the Wilders sustained and incurred damage to their real and personal property in an amount to be proven at trial, in excess of $75,000.00. As set forth above, Plaintiff is subrogated to the Wilders' right of recovery.

41. **WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**de LUCA LEVINE, LLC**

By: *s/ Matthew Connolly*
Matthew Connolly
de Luca Levine, LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
215-383-0081 (telephone)
215-383-0082 (facsimile)
Mconnolly@delucalevine.com
Attorneys for Plaintiff

Dated: 10/13/2025